ROSE HEANEY, Administratrix, etc., Respondent, v. THE LONG ISLAND RAILROAD COMPANY, Appellant.

Under the act of 1876 (Chap. 187, Laws of 1876), authorizing defendant to operate its railroad on A. avenue in the city of B., subject to such rules and regulations as to rate of speed and public safety as the common council should prescribe, that body directed the construction of a fence on either side of defendant's tracks laid in said avenue, with openings and crossings at every street and "spaces at intervals of not exceeding two hundred and fifty feet to allow the crossing of persons on foot." Upon compliance with this and certain other precautionary provisions, defendant was permitted to run its cars at any rate of speed. P., plaintiff's intestate, in attempting to cross the tracks at one of the "spaces" or openings, between street-crossings, left for persons crossing the avenue on foot, was run over and killed. In an action to recover damages no failure on the part of defendant to comply with these. precautionary provisions was proved. It appeared that the accident occurred about 6 A. M.; the morning was cloudy and rainy or drizzly. A train had just passed on the south track nearest to P. as he went through the fence, and the smoke from its engine settled down behind it upon the road so as temporarily to obscure objects in the line of vision. P., however, went straight on across said track to and upon the north track where he was struck by a train thereon and killed; he was sixty-six years of age and his hearing somewhat impaired. Whether the engineer sounded the whistle or rang the bell was a fact in dispute. *Held*, the evidence failed to show any negligence on the part of defendant; that whether the whistle was blown or bell rung was immaterial, as no duty rested upon defendant to give notice either way, at that point, of an approaching train; that the engineer was not required because of the smoke to give an alarm or signal, as he was not bound to apprehend a danger which could only occur to a reckless person; and, also, that P. was, as matter of law, guilty of contributory negligence, as he should have stopped until the smoke disappeared; and that, therefore, a refusal to nonsuit was error.

(Argued December 12, 1888; decided January 15, 1889.)

APPEAL from judgment of the General Term of the City
Court of Brooklyn, entered upon an order made May 25,
1887, which affirmed a judgment in favor of plaintiff entered
upon a verdict.

This action was brought to recover damages for alleged
negligence causing the death of Patrick Heaney, plaintiff's
intestate.

The material facts are stated in the opinion.

*E. B. Hinsdale* for appellant.    It was negligence on the
part of the deceased to attempt to cross the steam railroad
track in the manner testified to.    (*Young* v. *N. Y., L. E. &
W. R. R. Co.*, 107 N. Y. 500; *Weber* v. *N. Y. C. & H. R.
R. R. Co.*, 58 id. 451; *Adolph* v. *R. R. Co.*, 75 id. 536; *Gor-
ton* v. *E. R. Co.*, 45 id. 660; *Skelton* v. *N. W. R. Co.*,
L. R., 2 C. P. 631; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.*,
58 N. Y. 248; *Wilcox* v. *R. W. & O. R. R. Co.*, 39 id. 358;
*Connelly* v. *N. Y. C. & H. R. R. R. Co.*, 88 id. 346; *Cor-
dell* v. *N. Y. C. & H. R. R. R. Co.*, 75 id. 330; *Desmond*
v. *Rose*, 46 Super. Ct. 569; *Donlon* v. *L. I. R. R. Co.*, 29
Hun, 674; 95 N. Y. 655; *Becht* v. *Corbin*, 92 id. 658; *Gard-
ner* v. *N. Y. C. & H. R. R. Co.*, 9 N. E. Rep. 182; 103
N. Y. 674.)    If a cloud of smoke or steam, which is but a partial
and temporary obstruction, did intervene between deceased and
the train, then it was his duty to stop until the obstructions
passed away. (*Powell* v. *N. Y. C. & H. R. R. R. Co.*, 109 N. Y.
613; *Gorton* v. *E. R. Co.*, 45 id. 660; *McCrary* v. *C. C.
R. R. Co.*, 31 Fed. Rep. 531.)    The plaintiff must prove a
state of facts absolutely inconsistent with the theory of con-
tributory negligence.    (*Hale* v. *Smith*, 78 N. Y. 480; *Cordell*
v. *N. Y. C. & H. R. R. R. Co.*, 75 id. 330; *Hayes* v. *Forty-
second St. R. R. Co.*, 97 id. 259.)    There was no obligation
on the railroad company to maintain a flagman or gates at the
crossing. (*Beiseigel* v. *N. Y. C. & H. R. R. R. Co.*, 40
N. Y. 9; *Grippen* v. *N. Y. C. & H. R. R. R. Co.*, Id. 34;
*Weber* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 451.)    Negli-
gence can only be attributed to a railroad company when it has

notice of the emergency in time by the use of ordinary dili-
gence, the means being at hand, to avoid the accident. (*Rigler*
v. *R. R. Co.*, 26 Am. and Eng. R. R. Cas. 386.)

*Horace Graves* for respondent. Compliance with the statute
in fencing does not exonerate from negligence, and whether
the statute exists or not, it was for the jury to determine
whether the conduct of the defendant was negligent with
reference to that particular crossing. (45 N. Y. 846 ; 92 id.
289 ; 98 id. 198 ; 36 id. 132 ; 64 id. 531 ; 34 id. 445 ; 75 Mo.
595 ; 8 Am. and Eng. R. R. Cas. 280 ; *Morris* v. *L. S., etc.,
R. R. Co.*, 24 Week. Dig. 160.) The defendant was negli-
gent in not stopping the train after the decedent was struck.
(9 Barb. 595 ; 11 id. 527 ; 11 Week. Dig. 441 ; 24 id. 98 ;
90 N. Y. 574, 671 ; 24 Md. 387 ; 75 Penn. St. 257 ; 28 Minn.
103 ; 95 U. S. 161 ; 23 Vt. 387 ; 59 Penn. St. 33 ; 2 Am. and
Eng. R. R. Cas. 185 ; 92 N. Y. 227 ; *Morris* v. *L. S., etc.,
R. R. Co.*, 24 Week. Dig. 160.) It was properly left to the
jury to say whether the defendant did what was necessary to
protect the plaintiff from injury in reference to the manage-
ment of the train. (*Dyer* v. *E. R. Co.*, 71 N. Y. 228;
*Cumming* v. *B. C. R. R. Co.*, 38 Hun, 362; 104 N. Y. 669 ;
*Sherry* v. *N. Y. C., etc., R. R. Co.*, Id. 652 ; *Houghkirk* v.
*D. & H. C. Co.*, 92 id. 227; *Byrne* v. *N. Y. C. R. R. Co.*,
104 id. 362.) The deceased was not guilty of negligence. He
looked both ways before entering on the track and used every
possible precaution. (*Donlon* v. *L. I. R. R. Co.*, 29 Hun,
674; 95 N. Y. 655; *Becht* v. *Corbin*, 92 id. 658 ; *Clushing* v.
*Sharp*, 96 id. 676; *Greaney* v. *L. I. R. R. Co.*, 101 id. 419 ;
64 id. 524.)

GRAY, J. At the close of the plaintiff's case the defend-
ant's counsel moved for a dismissal of the complaint, on the
ground that the plaintiff had failed to show negligence on
the part of the defendant, and that the evidence proved that the
deceased had by his negligence contributed to the accident.
This motion was denied by the court and at the close of the

whole case the motion for a nonsuit was denied.    On appeal
the judgment entered for the plaintiff on the verdict of the
jury and the order denying a new trial were affirmed.

We are unable to discover from the evidence that the
plaintiff either established her right to recover against the
defendant for the death of the intestate, or that there is suffi-
cient proof in the case to sustain a recovery, and we think the
denial of the motions was error for which this judgment must
be reversed.    A brief review of the facts will make this con-
clusion sufficiently clear.    The accident occurred at a point
on Atlantic avenue, in the city of Brooklyn ; a street which,
for some distance there, runs in a straight line east and west.
An opening in the fences of the defendant, which border its
tracks on either side, permits crossing by persons on foot.    At
this point, the avenue is one hundred feet in width.    The
deceased left his house, which was on Atlantic avenue, about
six o'clock in the morning, in the month of May, and started
to cross the defendant's tracks at that point of crossing.    The
morning was, according to plaintiff's evidence, cloudy and
rainy or drizzly.    A train had just passed on the south track,
which was nearest to the deceased as he went through the
fence, and the smoke from its engine appears to have settled
down behind it upon the road sufficiently to temporarily
obscure objects in the line of vision.    The deceased, however,
appears to have gone ahead and, while upon the north track,
was struck by a west bound train and killed.    He was about
sixty-six years of age and his hearing was somewhat impaired.
Whether the engineer sounded the whistle, or rang the bell,
is a fact in dispute ; but it is not one material to be considered,
as there was no statutory obligation resting upon the defend-
ant to give notice in either way, while operating its road
at that point.    It was not legally required to give such
notice by any statute ; nor did any ordinance demand it.
By chapter 187, Laws of 1876, the defendant was author-
ized to operate its railroad in Atlantic avenue, subject to such
rules and regulations as to rate of speed and public safety as
the common council should prescribe.    That municipal body

directed the construction of the fence on either side of the defendant's tracks, with openings and crossings at every street, and spaces at intervals of not exceeding two hundred and fifty feet, to allow the crossing of persons on foot. They prescribed it as a duty of the company to station a flagman at certain points, of which the point in question is not one, and they authorized the defendant, after compliance with these precautionary provisions, to run at any rate of speed. The defendant in this case seems to have violated no duty to the public, based on the existence of any rules or regulations, in not having any flagman at the crossing, or in not causing notice to be given of the approach of its trains, or in running at the rate of speed testified to as being twenty miles an hour. If, then, not liable to the charge of negligence on such grounds, on what ground can it be deemed to have been in any wise derelict? The General Term do not point to any act of omission, or of commission, by the defendant, from which negligence and a consequent liability might be inferable; but they say only that they think "it was a question of fact for the jury to determine whether, under the circumstances of the case, the company exercised reasonable care and prudence in what they did, and whether its neglect caused the injury complained of." This seems somewhat obscure, as a reasoning upon the case, in the absence of some positive facts constituting, or tending to prove, neglect or heedlessness on the part of the defendant. While it is perfectly true that negligence may be made out from the proof of all the surrounding circumstances, including the absence of signals and the rate of speed; yet, unless there is something in that proof, taken as a whole, which, if believed by the jury, would establish a failure on the defendant's part to perform a legal duty, or to use reasonable care and prudence in what it did, the case should not be submitted to them.

In *Grippen* v. *New York Central Railroad Company* (40 N. Y. 34–47), cited by the court below in their opinion, WOODRUFF, J. said, in discussing what constitutes negligence: "Some acts are so clearly free from imputation of that sort that it

would be the duty of the court, as matter of law, to hold that they constituted no proof of negligence. While, when the facts are themselves in dispute, or upon the proofs, their wisdom or efficiency is doubtful, the jury must decide whether negligence was proved." This is a fair statement of the rule. There is in this case no dispute as to material facts. The defendant's servants were not operating the train of cars at an unauthorized rate of speed. No flagman was required to be at the crossing and no signal was called for at that point. As to the general management of the train, the case is without any proof of fault in that respect. The respondent's counsel does intimate that because there was smoke upon the road at that point, and it was, therefore, impossible for the engineer to tell what was passing on the other side of it, he should have given some alarm or signal. But how can it be said that any obligation rested upon the engineer to give any signal? He certainly was not bound to exercise his imagination and to apprehend danger to some reckless person. It would be unreasonable to hold the defendant to the duty to give a signal of the approach of its trains to the frequent openings in the fence, directed to be constructed for the convenience of the public, under the circumstances of the present case; which, of their own force, call upon a person for the exercise of his reason and the use of his senses in their avoidance. The rules which, by frequent adjudication, have been established in cases of negligence, rest upon reasonable foundations. Where it is sought to hold another liable for the damage occasioned by some alleged negligent act, the negligence is to be made out by some positive proof, or by proof of circumstances from which the jury may fairly infer the existence of the negligence.

But we think from the proofs that the intestate was, as matter of law, guilty of negligence in his conduct, which contributed to the accident.

According to the plaintiff's evidence, the deceased, after entering through this opening in the fence upon the defendant's track, went straight ahead, regardless of the smoke

which was between him and the track on which he was struck. The court below reason upon this act and say that they should hold it was the duty of the deceased to stop, until the temporary obstruction of the smoke had passed away, if he could be held to know that the obstruction existed. This is a distinction which is, perhaps, somewhat metaphysical, and not altogether clear to the comprehension. We think it was unquestionably his duty to await the disappearance of the smoke, and thus to be reasonably sure that he had a clear crossing. The deceased could see, and it is hard to understand how the existence or presence of the smoke as an obstruction could have been the subject of speculation, or of a mental question. If it was indistinguishable as a body, it could no more have obstructed the vision than would the usual conditions of the atmosphere. If it was a body, perceivable as contrasted with other objects, it was, to a greater or less extent, an obstruction or embarrassment to the vision. Visual perception of objects involves a consciousness of their appearance. We cannot think of appearance except as something seen. Philosophy teaches us that our knowledge of the external world is phenomenal; that is, that the things of which we are conscious are appearances. Thus, to say that the deceased may not have known that the smoke was an obstruction, involves the proposition that he may not have been conscious of the appearance of a condition of the atmosphere, distinguishable from its other or usual conditions; which is so unreasonable that habit disables us from understanding it.

We think it pefectly clear, if the plaintiff's evidence is to be believed, that the deceased voluntarily went upon the tracks, always a situation involving peril and calling for the vigilant exercise and use of one's senses, when the clouds of smoke made or tended to make objects indistinguishable. Where a person voluntarily places himself in a position of peril, under circumstances which render him less able to protect himself by the use of his senses, he cannot fairly be deemed competent

to complain of a consequent injury as due wholly to the acts of the other party.

The plaintiff's proofs leave no other conclusion possible than that the deceased had failed to observe those usual precautions, which the law requires of those who approach a place of peril. They must be on the alert and vigilant in the use of their eyes and ears, and display that prudence of conduct which the situation dictates. On the other hand, as has been seen, there were no acts of the defendant or of its servants, which were open to the imputation of negligence.

It follows, from the views expressed, that the judgment below should be reversed and a new trial had, with costs to abide the event.

All concur, except DANFORTH, J., dissenting.

Judgment reversed.