### WHALEN *v.* NEW YORK CENT. & H. R. R. Co.

*(Supreme Court, General Term, Fifth Department.* October, 1891.)

RAILROAD COMPANIES—ACCIDENT AT CROSSING—CONTRIBUTORY NEGLIGENCE.

In an action for injuries received at a railroad crossing, it appeared that when plaintiff approached the defendant's tracks on a dark evening a freight train was passing eastward on one of the tracks. After the freight train had passed, plaintiff attempted to cross, but was struck by an east-bound passenger train as soon as she stepped on the first track. The head-light of the passenger train was burning, and the view of the track was not obstructed. Plaintiff testified that she was prevented from seeing the approaching passenger train by the smoke from the engine of the freight train. On the evening of the accident plaintiff had been visiting among her friends, drinking beer with one and cider with another. When she attempted to cross the tracks her head was covered with a heavy shawl. *Held* that plaintiff was guilty of contributory negligence. 12 N. Y. Supp. 527, affirmed.

Appeal from circuit court, Monroe county.

Action by Carrie Whalen against the New York Central & Hudson River Railroad Company. From a judgment entered on a verdict for plaintiff, and from an order denying a new trial, defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*A. H. Harris,* for appellant.   *G. D. Forsyth,* for respondent.

DWIGHT, P. J. The plaintiff was attempting to cross the defendant's tracks on foot, at the grade crossing of Saxton street, in Rochester, when she was struck by an engine drawing a train to the east, and received the injury which is the subject of this action. There are the usual four tracks at the crossing, the south track, or No. 1, for east-bound passenger trains, and a third from the south, or No. 3, for west-bound freight trains. The plaintiff approached from the south, on the east sidewalk of Saxton street, with her head enveloped in a "pretty heavy shawl," which covered her ears. She had been calling among her neighbors during the previous hour, and had drank beer with one and cider with another. It was about 7 o'clock in the evening of the 17th of January. It had been freezing all day, and a very light snow had fallen at intervals. The sky was clouded, and there was no moon. When the plaintiff came to the tracks she found a freight train on the crossing, passing to the west on track No. 3. It was a long train, and she waited, standing close to track No. 1, until the freight train had crossed, when she stepped upon track No. 1, and, the moment she did so, was struck by the engine of the passenger train passing to the east. There was nothing whatever, in the way of buildings or other stationary objects, to obstruct her view of the approaching engine, whose head-light was burning, and she could see, and did see, the freight train on the third track from her, and watched the caboose of that train until it had passed entirely across the street. She testifies that the smoke from the freight-engine obscured her view of the approaching engine, with its head-light, although it did not prevent her seeing the caboose of the other train. Indeed, she testifies distinctly that she saw the caboose of the freight train until her view of it was cut off by the other train; that is, the train approaching on the track next to her, and by the engine of which she was struck. This testimony seems difficult to understand, since, if she saw the approaching train interpose itself between her and the departing caboose, it would seem that she must have seen the former in time to have avoided the collision. But, however this may be, it is conceded that, if the view of the approaching engine was intercepted or obscured by any means, it was by the smoke of which the plaintiff speaks; and a body of smoke must have been very dense to shut out the view of the reflecting head-light of an

·engine. If this is the truth of the case, then it is brought within the doctrine of *Heaney* v. *Railroad Co.*, 112 N. Y. 122, 19 N. E. Rep. 422, where it was held that it was negligence, as matter of law, on the part of the deceased, to enter upon the track, for the purpose of crossing, at a point where there was a body of smoke so dense as to obstruct his vision. The court say, "We think it was unquestionably his duty to await the disappearance of the smoke, and thus to be reasonably sure that he had a clear crossing;" and, further, in language which, *mutatis mutandis*, may well be adopted in this case, the court says, "we think it perfectly clear that, if the plaintiff's evidence is to be believed, the deceased voluntarily went upon the tracks— always a situation involving peril, and calling for the vigilant exercise of one's senses—when the clouds of smoke made, or tended to make, objects indistinguishable. Where a person voluntarily places himself in a position of peril, under circumstances which render him less able to protect himself by the use of his senses, he cannot fairly be deemed competent to complain of a consequent injury as due wholly to the acts of the other party." This reasoning and conclusion seem to us to be fatal to the plaintiff's case in this action, as disclosed by the record before us. Either the engine by which she was struck was in plain sight when she stepped upon the track, or it was obscured by a cloud of smoke, and it was negligence on her part to attempt the crossing until the smoke should be so far dissipated as to enable her to see whether an engine was close upon her. In accordance with the doctrine and upon the authority of the *Case of Heaney*, we think the defendant was entitled to a nonsuit on the ground of contributory negligence of the plaintiff. The judgment and order appealed from should be reversed, and a new trial granted, with costs to abide the event. So ordered. All concur.