### FLEISSNER *v.* NEW YORK CENT. & H. R. R. Co.

*(Supreme Court, General Term, Fifth Department.* October 23, 1891.)

1. ACCIDENT AT RAILROAD CROSSING—EVIDENCE.
   Plaintiff's team, while crossing defendant's track, was injured by a locomotive. The team was easily managed, and was driven by plaintiff's son, 16 years old, who was acquainted with the crossing. The son testified that he looked both ways while approaching the track, but neither saw nor heard the locomotive. Afterwards he testified that he saw the locomotive, and tried to get out of the way; that he went on and looked, but, by reason of obstructions, could not see the locomotive until it struck the team. Defendant's evidence showed that by measurements there were no obstructions for about 40 feet from the track, and that the son could have seen the track a third of a mile in the direction of the locomotive. *Held,* that a verdict for plaintiff was against the evidence.

2. SAME.
   Though the measurements were taken long after the accident, and there was no proof by defendant as to the condition of the crossing at the time of the accident, yet, where the evidence of the measurements was given upon the assumption by the court and counsel that there had been no change at the crossing between the time of the accident and when the measurements were taken, the evidence thereof could not be objectionable.

Appeal from circuit court, Erie county.

Action by Frank Fleissner against the New York Central & Hudson River Railroad Company to recover for damages done to plaintiff's team and wagon. Verdict and judgment for plaintiff. Defendant moved for a new trial, which was denied, and from the judgment, and the order denying the motion, defendant appeals. Judgment and order reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*James Fraser Gluck,* for appellant. *John M. Hull,* for respondent.

MACOMBER, J. The action was brought to recover damages to the plaintiff's horses and wagon received in a collision with the defendant's train at the railway crossing on Clinton avenue, in the city of Buffalo, June 22, 1889. The plaintiff's son was engaged in hauling stone from the canal through Clinton avenue, across the defendant's tracks, to Niagara street. He was a young man 16 years of age, and was well acquainted with the crossing in question. His horses were tractable, and easily managed, and not specially afraid of locomotives. While attempting to cross the tracks of the defendant, going from Niagara street westerly, the defendant's engine struck the

---

[1] Section 369 provides that where an occupant enters into possession of premises under claim of title founded upon the decree of a competent court, and there has been continued occupation and possession for 20 years, the premises are deemed to have been held adversely.

wagon and horses.   The locomotive was coming from Suspension Bridge to the city of Buffalo, running from 20 to 25 miles an hour.   The collision occurred at 10 o'clock in the morning.   The plaintiff's son testified, in substance, that while returning from Niagara street he looked in both directions while approaching the defendant's tracks, but saw no locomotive.   He also says that he did not hear the sound of any approaching train.   He has given no evidence of actually listening for the approach of a train, other than as an inference which may be drawn from his affirmative testimony that he looked in both directions, indicating thereby that his mind was upon the dangers of an approaching train.   After testifying that he heard no bell or whistle, he says that, while driving on a walk, he saw the train coming, and tried to get out of the way, and whipped up the horses as best he could.   He further testified that there was a saloon on the corner between the waiting-room and Niagara street; that before passing the waiting-room he looked for the train; and that the next time he looked was when he was on the track.   He also testified that he looked once when he was right by the waiting-room, and then he says that he went on and looked until he got onto the track where he was struck.   These obstructions, however, ceased to prevent a clear view of the tracks to the north, for a space of 25 feet east of the east track, from which direction the driver was approaching.   Other evidence was given in behalf of the plaintiff from which it is claimed that there were standing upon a side track, and close to Clinton avenue, so as to obstruct the view, freight-cars belonging to the defendant.   One of the witnesses says that these were within four or five feet of Clinton avenue.   This evidence, however, is not by any means satisfactory, and, in view of the testimony given in behalf of the defendant, ought not to have been deemed sufficient to sustain a verdict upon the ground of any obstruction of the view by reason of cars standing upon the defendant's side tracks, for testimony is given by witnesses in behalf of the defendant, in its nature conclusive, being based upon accurate and undisputed measurements, to the effect that there was no side track, mentioned by the plaintiff or his witnesses, within 112 feet of Clinton avenue, and that for about one-third of a mile, at least, the view, in the direction from which the engine came, was unobstructed for a distance of 38 feet before reaching the second track, the one upon which the plaintiff's property was damaged.

It is stated, however, in the brief of the respondent, that this evidence can be of no effect, because the measurements and observations taken by the witnesses were made and taken long after the accident, and that there is no proof made by the defendant of the condition of this crossing at the time of the accident.   If this contention were correct, it would, indeed, lead us to the conclusion that the verdict of the jury had been placed upon trustworthy evidence.   But, upon inspection of the testimony, it is found that, though the measurements by the witnesses named were made several months after the accident, yet the evidence thereof was given upon the assumption by the court and counsel that there had been no change in the side tracks between the time of the accident in June and the measurements in the following February. With the testimony given in behalf of the plaintiff, touching such obstruction on the side track, thus shown to have been untrue, and so eliminated from the case, there do not remain sufficient facts to support the verdict.   It seems to us, therefore, that the motion for a new trial should have been granted by the special term upon the ground that the verdict was against the evidence. It follows that the judgment and order appealed from should be reversed, and a new trial granted, upon the condition, however, that the defendant pay the costs of the trial term.   No costs of this appeal are allowed to either party. Judgment and order reversed, and a new trial granted on payment of the costs of the trial term.   All concur.