## MOORE v. NEW YORK CENT. & H. R. R. CO.

*(Supreme Court, General Term, Third Department.*  December 28, 1891.)

RAILROAD COMPANIES—ACCIDENTS AT CROSSINGS—CONTRIBUTORY NEGLIGENCE.

Plaintiff, approaching defendant's tracks at a street crossing, waited 15 feet from the track for a train going south to pass, and after it had passed, looked to see if a train was coming from the south, and, seeing none, stepped on the crossing, and was struck by a train from the south. He testified that from his position on the sidewalk he could see 40 yards down the track, that he did not look after starting to cross, and that he heard no signal. *Held*, that he was guilty of contributory negligence.

Appeal from circuit court, Rensselaer county.

Action by John Moore against the New York Central & Hudson River Railroad Company for personal injuries alleged to have been caused by defendant's negligence. Plaintiff appeals from a judgment of nonsuit. Affirmed.

Defendant's tracks cross First street in the city of Troy diagonally. Plaintiff, with a friend, approached such tracks from the south, and, standing on the sidewalk, about 15 feet from the track, waited for a train going south to pass, after which they attempted to cross, and plaintiff was struck by a train going north on the other track. Both he and his friend testified that no signal was given, and that the flagman was seen going to his shanty after flagging the train going south.

Argued before LEARNED, P. J., and MAYHAM and PUTNAM, JJ.

*F. J. Parmenter,* (*R. A. Parmenter,* of counsel,) for appellant. *Frank Loomis,* (*Levi Smith* and *Charles E. Patterson,* of counsel,) for respondent.

PUTNAM, J. On the trial, at the close of the plaintiff's evidence, defendant moved for a nonsuit on the ground that the testimony failed to establish plaintiff's freedom from contributory negligence. The motion was granted by the court, and from the judgment rendered on such ruling this appeal is taken. Plaintiff, while walking with a friend across the defendant's track on a highway in the city of Troy, was struck by one of defendant's engines coming from the south, and injured. The evidence clearly shows that at a point about 15 feet from the track, where plaintiff stood before he was injured, and from such point to the track, there was an unobstructed view southerly down the track for 30 or 40 yards or more, and that the plaintiff at this place (15 feet from the track) looked for approaching trains, walking from thence onto the track without again looking. We think that on such evidence the holding of the trial judge was correct. The plaintiff, if he looked and listened, must have seen the approaching train; and, of course, if he did, it was negligence to go upon the track. If he did not look and listen, as he himself swore, he was clearly negligent. Plaintiff's own evidence establishes his contributory negligence. In many cases nonsuits have been properly directed by the trial judge on the ground that the evidence on the part of the plaintiff failed to establish freedom from negligence of the party injured. But in this case the plaintiff himself testifies to the facts showing his own negligence. He states that he stood, with his friend, about 15 feet from the track, when the train passed, then looked for an approaching train, and started to cross it. He did not look again. He did not think of looking. In other words, he walked for 15 feet, where he could see down the track about 200 feet, onto it, in front of an approaching train, which he must have seen had he looked. From the place where he started, 15 feet from the track, there were no obstructions, no cars on the track, not anything to prevent his seeing an approaching train, or to divert his attention. The evidence of the plaintiff was not contradicted, and, we think, compelled the trial judge to grant the motion for nonsuit. *Daniels* v. *Rapid Transit Co.,* 125 N. Y. 410, 26 N. E. Rep. 466; *Rodrian* v. *Railroad Co.,* 125 N. Y. 526, 26 N. E. Rep. 741; *Wood-*

*ard* v. *Railroad Co.*, 106 N. Y. 369, 13 N. E. Rep. 424; *Whalen* v. *Railroad Co.*, (Sup.) 15 N. Y. Supp. 941; *Fleissner* v. *Railroad Co.*, (Sup.) 16 N. Y. Supp. 18; *Nolan* v. *Railroad Co.*, (Sup.) Id. 826. The evidence does not disclose any act of the flagman which excused plaintiff from the duty of looking down the track before he stepped upon it. The *Rodrian Case*, above cited, and many other cases, held that a pedestrian is not relieved of the duty of looking for approaching trains before he steps on the track in reliance that the railroad company will do its duty, and give reasonable notice of the approach of a train. The judgment should be affirmed, with costs.

All concur.