Judgment of the county court of Monroe county and of the municipal court of Rochester reversed, with costs. All concur.

---

### McNAMARA *v.* NEW YORK CENT. & H. R. R. Co.

*(Supreme Court, General Term, Fifth Department. June, 1892.)*

ACCIDENT AT RAILROAD CROSSING—CONTRIBUTORY NEGLIGENCE—SMOKE.

One who goes on a railroad crossing while the smoke left by a passing train still obscures her vision, so that she could not see an approaching engine, is guilty of negligence. *Heaney* v. *Railroad Co.*, 19 N. E. Rep. 422, 112 N. Y. 122, followed.

Appeal from circuit court, Erie county.

Action by Michael McNamara, administrator of Margaret McNamara, against the New York Central & Hudson River Railroad Company, for the death of intestate. From a judgment for plaintiff entered on verdict, and from an order denying defendant's motion for new trial, made on the minutes of the court, defendant appeals. Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*J. F. Gluck*, for appellant.   *John Laughlin*, for respondent.

DWIGHT, P. J.   The action was for the alleged negligent killing of the plaintiff's intestate, Margaret McNamara, at the grade crossing by the defendant's road of Hamburg street, in the city of Buffalo. The evidence was amply sufficient to support the verdict of the jury on the question of the defendant's negligence. But the undisputed facts presented a strong case for the application of the rule laid down in *Heaney* v. *Railroad Co.*, 112 N. Y. 122, 19 N. E. Rep. 422, which has already been followed by us in *Whalen* v. *Railroad Co.*, (Sup.) 15 N. Y. Supp. 941. The doctrine referred to is that a case of contributory negligence is made out by evidence which shows that the deceased entered upon the crossing at a time when it was so enveloped by clouds of smoke as to hide or so to obscure near and approaching objects as to render him less able to protect himself by the use of his senses. In this case the sole witness from whose testimony the facts of the occurrence are to be derived testified, in answer to questions by counsel for defendant, that at the time the deceased went upon the track the smoke of a train which had just passed had settled down on the street, so that she could not have seen the approaching engine if she had looked; that the whole place was enveloped in smoke; that there was a thick veil of smoke between her and where the engine came from which settled right down on the track, so that when she looked down that way she could not see the engine. The case could scarcely be made stronger as an illustration of the rule declared in the *Case of Heaney, supra.* On the authority of that case it was error to deny the motion for a nonsuit, and the judgment and order appealed from should be for that reason reversed.

Judgment and order appealed from reversed, and a new trial granted, with costs to abide the event. All concur.