(17 App. Div. 221.)

### RYAN v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department.     May 18, 1897.)

RAILROADS—ACCIDENTS TO PERSONS ON TRACK—CONTRIBUTORY NEGLIGENCE.
    Freedom from contributory negligence is not shown where the only evidence as to the accident was that decedent, who knew that trains were constantly passing in both directions on defendant's tracks, stepped on one of the tracks, from a space between two cars standing on a parallel track, and was almost instantly struck by a passing locomotive.

Appeal from trial term.

Action by Mary Ryan, as administratrix of Thomas Ryan, deceased, against the New York Central & Hudson River Railroad Company to recover· damages for the death of plaintiff's intestate. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.     Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

R. A. Parmenter, for appellant.

Warren, Patterson & Faulkner (Charles E. Patterson and William J. Roche, of counsel), for respondent.

HERRICK, J.     The burden rests upon the one seeking to recover for a personal injury, the result of an accident, to show that the person so injured was free from any negligence contributing to such accident or injury.     And while that obligation may be discharged by showing surrounding facts and circumstances from which the jury can infer that the person so injured did not, by his acts or conduct, contribute to the injury, yet there must be affirmative evidence from which the jury may properly infer that the person so injured discharged his duty under the circumstances. There is a duty resting upon the person injured, as well as upon the person or corporation inflicting the injury; and there must be evidence that the one has performed his duty, as well as evidence that the other has omitted to perform his or its duty, and the jury are not to be left to guess or speculate as to either.     This duty of personal care and caution is commensurate with the dangers and perils of the situation, and one who voluntarily places himself in a position of peril and danger must be actively vigilant to guard himself against such danger or peril.     The tracks of a railroad are always a situation involving peril, and calling for a vigilant exercise of the use of one's senses.     Heaney v. Railroad Co., 112 N. Y. 122, 19 N. E. 422.     The case before us is not simply that of a person seeking to cross a railway track, but of one using the tracks of a railway as a highway.     While it was apparently necessary that the plaintiff's intestate should cross the defendant's tracks for the purpose of reaching his place of employment, it does not appear to have been necessary for him to have done anything more than to cross such tracks for such purpose.     He appears to have been struck at Tyler street.     He came upon the tracks of the defendant's road some distance above Tyler street, and was walking down

the tracks towards Tyler street; and there is no evidence that he looked or listened to see if there were any approaching trains, and, if so, how many. At this point there were four tracks, with trains constantly passing and repassing in both directions. He was familiar with the locality, had worked in the same place for a considerable period, and must necessarily have known of the continual passing and repassing of trains. His use of the defendant's railway as a highway—his walking along the tracks—was a voluntary placing of himself in a much more dangerous position than one who is simply approaching a railroad, and who is merely seeking to cross directly over it; and, if it is true that a man's duty is commensurate with the peril and dangers of the situation, then it seems to me that there was a much greater obligation for active vigilance resting upon him to guard against danger than rests upon one who is simply approaching a railway crossing, and as to whom the courts have held that it is his duty to listen and look both ways to see if there is any danger approaching. Here the road is straight way for some distance. There is no evidence that there was anything to obstruct his view of the approaching train which finally struck him, until he got behind the cars at the Tyler street crossing. There were only two of these, at most, before the opening of the train was reached. Then, to escape the one train, he passed into the opening between the cars of the train that was standing still, and stepped from the track upon which they were resting to the fourth track, and was almost immediately struck and injured. There is absolutely no evidence upon the part of the plaintiff as to what he did after passing into this opening between the cars. There is no evidence from which the jury can infer that he looked or attempted to look or listen for any approaching trains, and there is nothing in the surrounding circumstances from which the jury can infer that he discharged the duty ordinarily resting upon a person approaching a railroad crossing; much less from which they can infer that he discharged the duty he owed to himself when he voluntarily placed himself in a position he must have known to be a place of danger.

The judgment and order should be reversed, and new trial granted; costs to abide the event. All concur.