RYAN v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department. May 4, 1898.)

RAILROADS—STEPPING IN FRONT OF MOVING ENGINE—CONTRIBUTORY NEGLIGENCE.

The unexplained act of one who, after stepping aside from an approaching engine, which had slowed up for him to avoid it, immediately stepped directly in front of it as it moved off again, and was killed, shows contributory negligence, precluding recovery for decedent's death.

Appeal from trial term, Rensselaer county.

Action by Mary Ryan, as administratrix, etc., against the New York Central & Hudson River Railroad Company, for damages for the death of a decedent. Plaintiff was nonsuited, and she appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, and MERWIN, JJ.

G. B. Wellington, for appellant.

R. A. Parmenter, for respondent.

LANDON, J. The facts are, in some details, different from what they were on the former appeal. 17 App. Div. 221, 45 N. Y. Supp. 542. Four standard-gauge tracks lie side by side, numbered from the east, 1, 2, 3, 4, and two narrow-gauge tracks next them, all extending northerly and southerly. The intestate was crossing these tracks from the east towards the west, on or near Tyler street, in the city of Troy, to reach his work. He had long been accustomed to do so. Upon standard track No. 3 stood some freight cars, with an open space between them of some feet, through which plaintiff's intestate came, and entered upon the fourth track. Upon the fourth track an engine was then backing from the north, south towards the intestate, who was walking south between the rails of track No. 4. The engineer blew

his whistle, reversed his engine, rang his bell, and slowed down. The intestate stepped off the fourth track towards the east, and next to the freight cars on track 3, and turned, and looked north, towards the engine. Thereupon the engineer, whose engine had nearly stopped, reversed it; and started it ahead more rapidly. At this moment the deceased stepped back again upon track 4, and was almost instantly struck. The engineer testifies that he saw him step back, and that he instantly reversed. Assuming a conflict in this respect, we do not think that a verdict excusing the plaintiff's intestate from contributory negligence could stand. We have no explanation, consistent with reasonable care, of the intestate's act in stepping directly in front of the moving engine. It is possible that he thought the engine would come to a full stop, but that is a conjecture, not an inference deducible from the facts proven; but, if so deducible, it would not excuse his stepping in front of the engine before he knew whether it would stop or not.

The judgment should be affirmed, with costs. All concur.