WALTER E. EDGERLEY, Respondent, v. THE LONG ISLAND RAILROAD COMPANY, Appellant.

*Negligence — effect of the voluntary maintenance of gates and a flagman at a railroad crossing — charge as to the engineer's duty to ring a bell or sound a whistle and as to the speed of the train.*

A railroad company which, although not required to maintain gates or a flagman at a particular crossing, has assumed to do both for a considerable period of time, is chargeable with the same duty in respect to them as if they had been required by the municipal authorities.

A charge that if the gates at the crossing were up and the engineer of an approaching train did not know it, the railroad company was under no obligation to ring a bell or sound a whistle, but that if the jury found that he did know, or should have known it, they might say whether the exercise of due care on the part of the railroad company required it to ring a bell or sound a whistle, is correct.

A charge that the railroad company might operate trains at any rate of speed, "provided they used care in operating the appliances intended to shut off pedestrians or vehicles from contact with their engines at these dangerous grade crossings," is correct.

MOTION by the defendant, The Long Island Railroad Company, for a reargument of an appeal from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 11th day of February, 1899, upon the verdict of a jury for $24,500, and also from an order entered in said clerk's office on the 15th day of February, 1899, denying the defendant's motion for a new trial made upon the minutes, or for leave to appeal to the Court of Appeals.

This action was brought to recover damages for injuries sustained by the plaintiff in consequence of being thrown from a tandem

bicyle which he was attempting to ride across the defendant's track and which he contended was struck by the gate suddenly descending between him and his fellow rider.

*William J. Kelly*, for the appellant.

*Samuel D. Morris*, for the respondent.

HATCH, J. :

The motion for a reargument in this case raises no new question not considered by this court when it decided the case. (44 App. Div. 476.) We did not then think that any good end would be subserved by putting down in detail each bit of evidence and circumstance showing the process by which we reached the conclusion that the jury were authorized to find that the plaintiff was not guilty of contributory negligence. We so said in our former opinion. Authority is conclusive that such fact furnishes no ground of right to ask for a reargument. (*Fosdick* v. *The Town of Hempstead*, 126 N. Y. 651.) It is also insisted that we erred in sustaining the charge of the trial court. While this question was disposed of by us in our decision, and the motion might be denied for reasons already stated, yet we conclude to state the results of our prior and present examination of those questions. Exception is taken to the following portion of the charge : " If the gates were up, it is for the jury to say whether or not it was negligence on the part of the company not to ring a bell or sound a whistle ; then if no bell was rung and no whistle sounded the jury are entitled to take that into consideration in determining whether or not the plaintiff was guilty of any negligence in going across the track. Mr. Kelly : The defendant excepts to your honor's charge, that there was any obligation on them to ring a bell or sound a whistle. The Court : There is no obligation on the part of the company to ring a bell or sound a whistle if the gates were up and the engineer didn't know it. But if they were up, it is for the jury to say whether the engineer ought not to have known it or whether he would not have known it if he had exercised due care. If the gates were up and if the engineer did know or should have known it, they may say whether or not it was negligence on the part of the company to not either ring a bell or sound a whistle. I do not charge it as a matter of law.

Mr. Kelly: I except to the proposition that there was any obliga-. tion under any circumstances to ring — The Court: I do not say that there was. You except to me leaving it to the jury to say."

The ground upon which error is claimed in this charge is that it is in conflict with the rule laid down in *Heaney* v. *Long Island R. R. Co.* (112 N. Y. 122). In that case the court held that where the city had authorized the railroad to operate its trains, upon compli-. ance with certain conditions, and compliance was made by the railroad company with those conditions, it acquired the right to operate at any rate of speed and without sounding either bell or whistle when approaching the crossings, where it was not required to maintain gates or keep a flagman. This ruling proceeded upon the ground that the defendant was shown to have discharged every legal obligation resting upon it, in consequence of which there was no basis upon which to predicate negligence. There would seem to be no answer to this position. The court, however, recognized the well-settled rule that negligence may be established by circumstances tending to show failure to perform a legal duty or to use reasonable care and prudence in what it did. In the *Heaney* case the defendant was not required to maintain gates or a flagman at the crossing where the accident occurred, and did not do so. In the present case the defendant was not required to maintain either gates or flagman, but it assumed to do both and had maintained them for a considerable time prior to the injury. As the defendant had assumed this duty, and the public had acquired knowledge of such fact and acted thereon, it became as much bound to a proper discharge of its duty in this respect as it would had the municipal conditions commanded it so to do, and failure to perform the duty properly would constitute an act of negligence. (*Dolan* v. *D. & H. C. Co.*, 71 N. Y. 285; *House* v. *Erie R. R. Co.*, 26 App. Div. 559.) Applying this rule of law to the facts of this case and the facts to the charge, we find that the jury were authorized to conclude that the gates were up when the plaintiff reached the position they would have occupied if down. In view of this condition the court charged that there was no obligation resting upon the defendant to ring a bell or sound a whistle if the gates were up and the engineer did not know it, but if he did know such fact or if from his position he ought to have known it, then the court submitted

to the jury the question whether the exercise of due care in operation required the sounding of a whistle or the ringing of a bell, or both. The charge in this respect, upon the facts, we think, is amply sustained by authority. (*Glushing* v. *Sharp*, 96 N. Y. 676 ; *Palmer* v. *N. Y. C. & H. R. R. R. Co.*, 112 id. 234 ; *Wilber* v. *N. Y. C. & H. R. R. R. Co.*, 8 App. Div. 138.) The rule of the defendant required the gates to be set whenever trains are about to go over the crossing. Of the existence of this rule it must be assumed that the engineer knew, as well as of the existence of the crossing ; and if he saw that the gates were up, or might have so seen them by the exercise of care, the jury could well have concluded that a proper discharge of his duty required him to give notice that the engine was approaching the crossing, in the absence of the lowered gate. It could have been assumed that proper care would have notified him that no warning was being given, certainly not the usual one of the closed gates, and that the crossing was about to be occupied by his engine. The public and the plaintiff were entitled to notice, and the jury would have been authorized to say, under such circumstances, that the engineer should have sounded a whistle or rung the bell, or both, in order that persons about to use the crossing might be warned. The charge covered this view of the case, and we think it was authorized by the facts.

The further charge to which exception is taken relates to the qualification of the right to operate trains at any rate of speed. It reads, " provided they used care in operating the appliances intended to shut off pedestrians or vehicles from contact with their engines at these dangerous grade crossings." It is claimed that this was error and in direct violation of the law as laid down in *Grippen* v. *N. Y. C. R. R. Co.* (40 N. Y. 34, 46). We do not so construe the doctrine of this case. We have already seen that the *Heaney* case protected the defendant in the operation of its trains when it complied with the conditions which the municipality imposed. The *Grippen* case lays down no higher rule of exemption, nor does it extend it. When the condition requires the maintenance of gates and a flagman, it requires that they shall be properly operated as they are intended to operate ; and if the defendant fails in this respect, then whether it operates with care becomes a question of fact to be gathered from all the circumstances of the case. We

conclude, therefore, that nothing is made to appear which authorizes this court to grant a reargument, or to allow an appeal to the Court of Appeals. (*Sciolina* v. *Erie Preserving Co.*, 151 N. Y. 50.)

The motions for a reargument and leave to appeal to the Court of Appeals should be denied.

All concurred.

Motion for reargument denied. Application for leave to appeal to the Court of Appeals denied. Plaintiff's proceedings on judgment stayed for twenty days from the date of this decision.