Nellie M. McCaffrey et al., as Administrators of the Estate of Frank A. McCaffrey, Deceased, Respondents, v. The Baltimore and Ohio Railroad Company et al., Appellants.

*Negligence — action for death of person struck by locomotive while passing over railroad at street crossing to take train — when question of decedent's contributory negligence for the jury — charge of court in submitting this question.*

Plaintiffs' intestate, while passing over a railroad track near a station upon a dark and stormy night, in order to take a train standing at the station, was struck and killed by a locomotive which was backing down to hitch to the train. Whether defendants' employees were negligent in the management of the locomotive is conceded to be a question of fact for the jury, but it is contended that plaintiffs' intestate was guilty of contributory negligence because he attempted to cross the tracks in front of an engine blowing smoke and steam which obscured the view of the street and tracks so that the approaching locomotive could not be seen. *Held,* upon examination of the evidence, that it cannot be properly held that decedent was guilty of negligence, as a matter of law, and that a question of fact was presented for the jury.

Defendants' counsel asked the court to charge: "That if the decedent's vision was obstructed by this temporary volume of steam and smoke that it became his duty to wait until the steam and smoke had cleared away before attempting to cross the track." Thereupon the court remarked: " If you believe, gentlemen, that the vision of the decedent was obstructed by a volume of steam and smoke that was present, as testified to by some of the witnesses, you are to determine whether reasonable care on the decedent's part should not have led him to wait until he could see the danger, if any, that confronted him before stepping upon these rails." *Held,* that, under the circumstances, the charge, as made, was correct. (*McNamara* v. *N. Y. C. & H. R. R. R. Co.*, 136 N. Y. 650, approved and followed.)

*McCaffrey* v. *B. & O. R. R. Co.*, 135 App. Div. 919, affirmed.

(Argued January 27, 1911; decided February 21, 1911.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 28, 1909, affirming a judgment in favor of plaintiffs entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Carl A. de Gersdorff* and *Lyle H. Hall* for appellants. Plaintiffs' decedent was not shown to have been free from contributory negligence. (*Tucker* v. *N. Y. C. & H. R. R. R. Co.*, 124 N. Y. 308; *Daniels* v. *S. I. R. T. Ry. Co.*, 125 N. Y. 407; *Harder* v. *R., W. & O. R. R. Co.*, 2 N. Y. Supp. 70; *Stack* v. *N. Y. C. & H. R. R. R. Co.*, 96 App. Div. 575; *King* v. *C. of G. Ry. Co.*, 107 Ga. 754; *Tingley* v. *L. I. R. R. Co.*, 109 App. Div. 973; *Webster* v. *F. R. R. Co.*, 161 Mass. 298; *Chicago* v. *E. I. R. R. Co.*, 190 Ill. 478; *Smith* v. *S. Ry. Co.*, 86 Fed. Rep. 292; *Terry* v. *Jewett*, 78 N. Y. 338.) The defendant railroad companies were not shown to have been negligent. (*Pollock* v. *Pollock*, 71 N. Y. 137; *Fealey* v. *Bull*, 163 N. Y. 397; *Culhane* v. *N. Y. C. & H. R. R. R. Co.*, 60 N. Y. 133; *Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 359; *Rich* v. *Penn. R. R. Co.*, 112 App. Div. 818; *Smith* v. *N. Y. C. & H. R. R. R. Co.*, 41 App. Div. 614; *Taylor* v. *L. I. R. R. Co.*, 16 App. Div. 1; *Urias* v. *P. R. R. Co.*, 152 Penn. St. 326.) The refusal of the trial court to charge defendants' request was error. (*Parsons* v. *N. Y. C. & H. R. R. R. Co.*, 113 N. Y. 364; *Heaney* v. *L. I. R. R. Co.*, 112 N. Y. 122; *Piper* v. *N. Y. C. & H. R. R. R. Co.*, 156 N. Y. 224; *Keller* v. *E. R. R. Co.*, 183 N. Y. 67; *Meixell* v. *N. Y., N. H. & H. R. R. Co.*, 22 Misc. Rep. 73; *Kiernan* v. *G. P. & B. M. F. G. Co.*, 134 App. Div. 192.)

*Emmet J. Murphy* for respondents. The evidence in the case required the submission to the jury of the question of the defendants' negligence. (*Terry* v. *Jewett*, 78 N. Y. 338; *Parsons* v. *N. Y. C. & H. R. R. R. Co.*, 113 N. Y. 364; *Massoth* v. *D. & H. C. Co.*, 64 N. Y. 524; *Brassel* v. *N. Y. C. & H. R. R. R. Co.*, 84 N. Y. 241; *Beecher* v. *L. I. R. R. Co.*, 35 App. Div. 294; 161 N. Y. 364; *McDonald* v. *M. S. Ry. Co.*, 167 N. Y. 66; *Muzune* v. *P., etc., R. R. Co.*, 30 W. Va. 228.) The evidence in the case required the submission

to the jury of the question of the deceased's freedom from contributory negligence. (*Newton* v. *C. V. R. R. Co.*, 80 Hun, 491; *Ditchett* v. *S. D. R. R. Co.*, 5 Hun, 167; *Felska* v. *N. Y. C. & H. R. R. R. Co.*, 152 N. Y. 339.) It was not error for the trial court to refuse to charge "That if the deceased's vision was obstructed by this temporary volume of steam and smoke that it became his duty to wait until the steam and smoke had cleared away before attempting to cross the track." (*Terry* v. *Jewett*, 78 N. Y. 344; *Beecher* v. *L. I. R. R. Co.*, 35 App. Div. 294; 161 N. Y. 364; *Brassel* v. *N. Y. C. & H. R. R. R. Co.*, 84 N. Y. 241; *Parsons* v. *N. Y. C. & H. R. R. R. Co.*, 113 N. Y. 364; *Fedjowski* v. *D. & H. C. Co.*, 168 N. Y. 500; *Dolfini* v. *Erie R. R. Co.*, 178 N. Y. 1; *Heaney* v. *L. I. R. R. Co.*, 112 N. Y. 122; *Keller* v. *Erie R. R. Co.*, 183 N. Y. 67; *Smetanka* v. *N. Y. C. & H. R. R. R. Co.*, 123 App. Div. 323; *McNamara* v. *N. Y. C. & H. R. R. R. Co.*, 136 N. Y. 650.)

Haight, J.    This action was brought to recover the damages sustained by the widow and children of Frank A. McCaffrey, by reason of his death in the city of Parkersburg, W. Va., on January 23d, 1908, alleged to have been caused by the negligence of the defendants.

The facts disclosed by the record are in substance as follows: On the day in question the decedent, a traveling salesman, had been at Marietta, Ohio, engaged in business from morning until half-past four in the afternoon. He then took one of the defendants' trains on his journey from that place to Louisville, Ky., via Parkersburg. The train arrived at Parkersburg about 6:50 in the evening where it was necessary for him to wait until about 8:50 for the arrival of an eastern train that would take him on to his destination. About half an hour before the train arrived he entered Sam's cafè on the opposite side of the street from which the depot stood and remained there until it was announced that his train had arrived. The train was known as No. 55 and had pulled into the station from the east and stopped. The engine was then

uncoupled. It ran ahead for a short distance and then was switched, backing up on a spur track, until it came alongside of the train from which it had been uncoupled. The head-light was burning and it was blowing off smoke and steam with a loud noise. Another engine, in the meantime, was backing down from the west to hitch on to the train to take it on its journey westward. At this instant the plaintiffs' intes-tate came out of the cafè, walked around in front of the engine that stood upon the spur by the side of the train, then headed for the station, and as he was crossing the main track was struck by the engine that was backing up to hitch on to the train and received the injuries which caused his death.

It further appears from the evidence that the defendants' road through Parkersburg was a single track upon the sur-face of Sixth street, with a switch near the station, by which an engine could back upon a spur track, and that it was the custom for through trains to exchange engines at that place. The plaintiffs' evidence also tended to show that it was a dark, stormy night, spitting rain and snow; that it was freezing, the wind blowing hard, and the place poorly lighted; that the defendants' locomotive, in backing up to hitch on to the train, bore no light in the rear; that no bell was rung or signal sounded of its approach, and that no person preceded it to warn persons in crossing the street at that place.

It was contended on behalf of the defendants that the engine was lighted and the bell rung, but it was conceded upon the argument by the defendants' counsel that the evi-dence as to the defendants' negligence was a question of fact for the jury. It was contended on behalf of the defendants that the decedent was intoxicated at the time and did not exercise proper care and prudence; but this was a contro-verted question of fact also, and that question was one for the determination of the jury. There was also some controversy upon the trial as to whether the decedent had ever been in this part of the city of Parkersburg before, and as to whether he knew of the practice of changing locomotives at this place, but whatever controversy there was upon that subject was

properly submitted for the consideration of the jury, in determining the question as to his familiarity with the surrounding condition of things, as bearing upon the question of his negligence in crossing the street under the circumstances presented. The evidence upon that subject may present a question upon the border line, but all of the justices of the Appellate Division, save one, appear to have entertained the view that it presented a question of fact for the jury, and this was not controverted by the dissenting justice, for he placed his decision upon the ground that the verdict was against the weight of evidence, thus conceding that the court could not dispose of it as a matter of law.

This court has no power to review the weight of evidence. If there was evidence sufficient to carry the question of contributory negligence to the jury, it becomes our duty to affirm. Assuming that the decedent was a stranger in this locality; that he came out of the café and saw a live locomotive standing before him headed for the west, with a train of cars extending back therefrom through the street, between him and the depot, with the smoke and steam blowing off obscuring the street in front, might not an ordinarily prudent person well have supposed that the locomotive was the one that was to take the train on west, and in his hurry to secure a seat inside of the cars, proceeded around in front of the engine through the steam and smoke without knowledge or thought that another engine might be backing up on the track to run him down? If such be the facts and the engine was backing up on the track noiselessly without a light that would attract his notice in the wind and storm that were prevailing at the time, I am inclined to the view that it cannot properly be held that he was guilty of negligence as a matter of law.

In submitting the case to the jury the defendants' counsel asked the court to charge: "That if the decedent's vision was obstructed by this temporary volume of steam and smoke that it became his duty to wait until the steam and smoke had cleared away before attempting to cross the track." Thereupon the court remarked: "If you believe, gentlemen, that the

vision of the decedent was obstructed by a volume of steam and smoke that was present, as testified to by some of the witnesses, you are to determine whether reasonable care on the decedent's part should not have led him to wait until he could see the danger, if any, that confronted him before stepping upon these rails." An exception was taken by the defendants to the refusal to charge as requested and to the charge as made.

In the case of *Heaney* v. *L. I. R. R. Co.* (112 N. Y. 122) the decedent had started to cross the defendant's tracks at an opening in the fence and not upon a public highway. A train had just passed and the smoke had settled upon the track temporarily obscuring objects in the line of vision. The decedent, however, passed through the opening in the fence and on to the tracks and was struck by a west-bound train and killed. It was held on review in this court that at the place of the accident no flagman nor signal was called for on the part of the defendant; that that train was being operated at a lawful rate of speed and the decedent in undertaking to cross at that place was bound to rely upon his senses to preserve him from danger and that he was guilty of negligence which contributed to the accident in thus passing upon the tracks while the smoke temporarily obscured his view. To the same effect is the case of *Keller* v. *Erie R. R. Co.* (183 N. Y. 67). It is not my purpose to criticise or modify in any respect the decisions reached in those cases. On the contrary, I here reassert the correctness of the conclusion there reached. But the situation presented in this case is very different. It is at a street crossing in front of the defendant's depot where the public have the right to cross and recross to and from the defendants' depot. The decedent had the right to all of the protection that the law affords, in passing over the street at a crossing. The defendants owed him the duty of exercising reasonable care in the movements of their locomotives so as to afford proper protection. Seeing the engine standing still that was emitting the smoke and steam he knew that he could pass in front of it safely and

not being aware that another locomotive would be backing silently and without lights he proceeded on his way.    Under the circumstances I think the modification of the charge made by the judge was correct and that it is in accord with the decision in the case of *McNamara* v. *N. Y. C. & H. R. R. R. Co.* (136 N. Y. 650) in which it was held that a person crossing the railroad track at a highway crossing, after a train had passed leaving a cloud of smoke settling upon the track behind, who was run down and killed by an engine and tender backing over the crossing, presented a question of fact for the jury instead of a question of law for the court.

The judgment should, therefore, be affirmed, with costs.

Gray, J. (dissenting).    I dissent.    In my opinion, the lack of evidence to show that the deceased observed any of those precautions which, under the circumstances, were incumbent upon him, when attempting to cross to the station, in the middle of the street, was fatal to the plaintiffs' recovery. The jurors were left to speculate upon the probabilities of the case ; whereas their province is to pass upon facts.

If we should assume that the case submitted to the jury was close upon the question of the freedom of the deceased from contributory negligence, then any failure to instruct the jurors upon the law of the case, correctly, or clearly, seriously affects the result of the trial.    At the conclusion of the charge of the trial court, the defendant requested the following instruction to be given : " that if the deceased's vision was obstructed by this temporary volume of steam and smoke, it became his duty to wait until the steam and smoke had cleared away before attempting to cross the track."    The court ruled upon the request as follows : " If you believe, gentlemen, that the vision of the decedent was obstructed by a volume of steam and smoke that was present, as testified to by some of the witnesses, you are to determine whether reasonable care on the decedent's part should not have led him to wait until he could see the danger, if any, that confronted him before stepping upon these rails."    To this instruction, an exception

was taken.   It will be observed that, whereas the defendants had requested an instruction that it became the duty of the deceased to wait until the steam, or smoke, had cleared away, the trial court refused it and left it to the jurors to determine whether reasonable care on his part should not have led him to wait.   I think in this modification the trial court went too far.   It was the duty of the deceased to wait, under such cir-stances, and it was not a debatable question.   It was a duty ; as obvious as a duty ever can be, when the doing of the one, or the other, thing means, either safety, or peril, to the actor. Voluntarily going upon these tracks, when clouds of steam, or smoke, were obscuring the view of objects, it became his absolute duty to proceed cautiously and, when his power of vision was temporarily obstructed, to wait until he could see his next step, if he was in the possession of his wits and desired to avoid danger.   Recently, in the case of *Keller* v.' *Erie R. R. Co.* (183 N. Y. 67), where the deceased was killed upon the defendant's tracks by a train approaching without signals, under circumstances when his view might have been obstructed by smoke and steam from a passing train, the question of his duty was discussed.   It was said that "if it could be believed that smoke and steam * * * had so settled down upon the tracks as to obstruct the view, at the time, then, *it was his duty to stop until the obstruction had ceased.*"   (*p.* 71.)   This decision is in point and followed the earlier case of *Heaney* v. *L. I. R. R. Co.*, (112 N. Y. 122). I think it was prejudicial error for the trial court to refuse to charge as requested and that we should so hold, in the interests of stability of decisions.

Upon the ground, therefore, that the evidence did not jus-tify an inference that the deceased was free from contribu-tory negligence ; as, also, upon the ground that the defendants were entitled to have the jurors clearly instructed as requested, I think that a new trial should be had.

Cullen, Ch. J., Hiscock and Chase, JJ., concur with Haight, J. ; Willard Bartlett, J., concurs with Gray, J. ; Vann, J., absent.

Judgment affirmed.