96 676
112 241
112 242
112 245
112 379
C 676
124 418

JOHN GLUSHING, Respondent, *v.* THOMAS R. SHARP, Receiver, etc., Appellant.

(Submitted June 25, 1884; decided October 7, 1884.)

THIS action was brought to recover damages alleged to have been caused by defendant's negligence.

The mem. of opinion which is given in full state the material facts.

"The defendant is receiver of the Long Island Railroad Company, and, as such, operates that road. There are two tracks of the road laid in Atlantic avenue in the city of Brooklyn. On the morning of November 8, 1880, the plaintiff was approaching that avenue from the south in New York avenue, in a covered milk wagon drawn by one horse, and saw a train of cars pass east, and then he saw the gateman raise the gates at the crossing and go into the gate-house. He drove on, and at the cross-walk of Atlantic avenue carefully looked both ways and seeing no train drove on to the railroad where his horse was killed and his wagon wrecked by collision with a train going west. This action was brought to recover the damage thus caused.

"The evidence showed that no bell was rung or whistle blown and that the gate was raised, and thus the carelessness of the defendant was established. But the claim of the defendant is that the plaintiff should have been nonsuited on account of his own carelessness, and this claim he bases upon these facts: that at the place where the plaintiff looked, about thirty feet from the railroad track, his view was somewhat obstructed and that he did not look again while passing the thirty feet, although during that space his view was unobstructed and he could have seen the train if he had looked. We think the case as to plaintiff's negligence was properly submitted to the jury. He looked both ways, and whether, under all the circumstances he should have looked again or continued to look, was for the jury to determine. The raising of the gate was a substantial assurance to him of safety, just as significant as if the gateman had beckoned to him or invited him to come on, and that any prudent man would not be influenced by it, is against all human experience. The conduct of the gateman cannot be ignored in passing upon plaintiff's conduct, and it was properly to be considered by the jury with all the other circumstances of the case.

"The court submitted the case to the jury with proper instructions as to the law and their verdict cannot be disturbed."

*Edward E. Sprague* for appellant.

*Oliver S. Ackley* for respondent.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.