Van Brunt, P. J.
It may be assumed that it is the rule of law that under ordinary circumstance it is negligence to attempt to alight from a train of cars before the same has fully stopped.
It is claimed by the respondents that the evidence in this case shows that the plaintiff did attempt to alight while the train was in motion and, therefore, was guilty of negligence.
In considering this proposition in the case at bar, the construction of the evidence tending most to the advantage of the plaintiff must be adopted.
She swears that she was sure that the train had stopped.
It it true that she had previously said that the car was moving, and that she subsequently said that she did not notice it (meaning the car) was moving until she felt the platform unsteady, and that she had not taken sufficient notice to know whether it was moving or not.
These statements may be inconsistent, but it was for the jury to determine which was true.
The evidence also showed that there were gates upon the car to prevent passengers getting off while the cars aré in motion, and that the man in charge of the gates, after calling the station and after the train had ieached the station, and was certainly moving very slowly if at all, opened the gates to allow the passengers to alight, which was a substantial assurance to the plaintiff of safety, and was just as significant as if the gateman had invited the plaintiff to alight, and that any prudent person would not be influenced by it is against all human experience. Glushing v. Sharp, 96 N. Y., 676.
Prom these circumstances it was the province of the jury *253 to determine whether it was negligence upon the part of the plaintiff not to notice that the train was moving slowly, if such indeed was the fact. This was not done, and it seems to have been error.
The judgment must be reversed and new trial ordered, with costs to abide event.
Bartlett and Lawrence, JJ., concur.