Barnard, P. J.
There was sufficient evidence of free-from contributory negligence upon the part of the deceased to go to the jury. The negligence of the defendant is clear and undisputed.
Thompson avenue, in Long Island City, is crossed by the Long Island railroad on grade. There were gates put up for the purpose of warning persons traveling on the avenue of the approach of cars. No bell was rung, no whistle blown and the gates were up on the evening of April 20, 1884, while the deceased approached the track. He got upon the track and was run over and killed.
The flagman was some fifty feet away from the crossing going home, and failed to warn the deceased until the very instant of the accident, “hardly the words were out of his mouth before he was struck.”
In granting the non-suit the court placed the decision expressly upon the ground of failure to prove the deceased free from contributory negligence on his part.
Upon this point the general rule is that the question of contributory negligence is one for the jury and it is only when the facts are conclusively established “leaving nothing either of inference or fact, in doubt,” that non-suit will be upheld for this reason. Kellogg v. N. Y. Central, 19 N. Y., 12; Greany v. L. I. R. R. Co., 101 id., 419.
The proof is not clear that the deceased could see the train if he had looked.
It is not clear that he did not both look and listen.
There is proof of a building near the crossing which would prevent sight of an approaching train. There is proof to the effect that an unobstructed view could only be had half a mile away from the crossing. “The raising of *435 the gate was a substantial assurance to him of safety just as significant as if the gateman had beckoned to him. or invited him to come on, and that any prudent man _ would not be influenced by it is against all human experience." Glushing v. Sharp, 96 N. Y., 676.
The cogency of this reasoning is increased by the fact that the crossing was near the main station where trains are frequently on the track and are not designed to cross the street.
The gates said to the deceased that he might safely cross even if the train were moving near the crossing.
The judgment should be reversed and a new trial granted, costs to abide event.
Bykman, J., concurs; Pratt, J., not sitting.