Barnard. P. J.
Upon the former appeal in this action the court held' that, under the facts proven upon the trial, it was improper to dismiss the-complaint. The present appeal presents the evidence upon both sides, with the verdict of the jury. Upon the whole case, the verdict is fully supported. The plaintiff’s intestate was passing along Thompson avenue, in Long Island. City, in April, 1888, In the early part of the evening. The defendant’s railroad crosses this avenue diagonally. A gate was maintained across this avenue, which was shut when trains were crossing it. The flag-man on this- *231 evening had raised the gates, and started for his home. There was no danger signal. The flag-man had a safety signal in his hand, which he swung' violently, but he did nothing beyond this, except to cry out, “Look out for" the train I ” after the men were killed. The defendant sounded no bell or blew' no whistle. The defendant thus guarantied safety by lifting its gates, and having its flag-man wave the signal of freedom from danger, and by omitting the statute signals of warning. The. proof shows that the view of the train is obstructed by trees and houses at points in the avenue as persons on the avenue approach the crossing. The exception taken to the reading of the extract from an opinion given on the first appeal, we think, is not well taken. The extract stated an inference applicable to the evidence in the case, and was undoubtedly a fair argument upon the evidence against the charge of negligence upon the part of deceased. Glushing v. Sharp, 96 N. Y. 676. The case was tried solely upon the absence of statute signal to make out defendant’s negligence. Upon the question of the freedom of deceased from negligence, the absence of the gate was an invitation to the traveler to go on, and the fact should have its full weight upon the question with the jury, and to that end might be properly stated to the jury, either by reading from the opinion or by oral statements. The request to charge as to the effect of a detached portion of the evidence upon any given question in the case was properly refused. The entire charge as to what made negligence in defendant and freedom from negligence in the deceased was correctly given. The judgment should therefore be affirmed, with costs. All concur.