Rohde, Respondent, vs. The Chicago & Northwestern Railway Company, Appellant.

*October 18 — November 7, 1893.*

*Railroads: Frightening horse at highway crossing: Failure to lower gates: Negligence: Pleading.*

The complaint in this case is construed as alleging, in substance, that the crossing of defendant's railway tracks and a certain highway was a dangerous one; that defendant had for some time, to the knowledge of plaintiff, maintained guard gates at the place; that, relying on the fact that there were such gates and that they were always lowered on the approach of trains, plaintiff, because the

gates were not lowered, approached the crossing, and was about to pass over it, when a train passed and caused his horse to run away and thus inflicted the injuries complained of. So construed, the complaint is *held* to charge actionable negligence on the part of defendant.

APPEAL from the Superior Court of *Milwaukee* County.

This is an appeal from an order overruling a general demurrer to the plaintiff's complaint. The complaint, after alleging the corporate character of defendant, and that it operated a railway in the city of Milwaukee, certain tracks of which cross a public highway called "Oakland Avenue," in said city, continues as follows: "That said crossing, as the defendant, its agents, servants, and employees well knew, was at and for some time prior to the times herein mentioned a dangerous crossing; that by reason thereof said defendant, its agents, servants, and employees, caused to be erected and maintained at said crossing, for some time prior to and at the times herein mentioned, guard gates for the purpose of warning persons of the approach of, and passing over of said crossing, of trains owned and operated by said defendant; that said defendant, its agents, servants, and employees, for some time previous to the times herein mentioned, lowered said guard gates upon the approach and crossing of the trains of the said defendant as aforesaid, for the purpose of warning all persons of the approach of said trains; that this plaintiff, well knowing said fact, and relying thereon, upon the 24th day of July, 1892, at about 5:50 o'clock in the afternoon of said day, while driving on said Oakland avenue with a one-horse, two-seated vehicle, in company with his wife, Alvina Rohde, and his three children, Paul Rohde, Walter Rohde, and Clara Rohde, without any fault, carelessness, or negligence on his part or on the part of his said wife and children or either of them, and with care and caution, did approach and attempt to pass over said crossing; that at or about the

same time an engine and train of cars belonging to and in charge of said defendant, its agents, servants, and employees, was negligently and carelessly caused to approach and pass over the said crossing without warning or notice whatever to this plaintiff, and while the said guard gates were not lowered as aforesaid; that without any fault, carelessness, or negligence on the part of this plaintiff or of his said wife and children, said defendant, its agents, servants, and employees, at the time this plaintiff and his said wife and children so approached said crossing as aforesaid, negligently and carelessly failed to lower said guard gates upon the approach of said engine and cars; that .by reason thereof the horse which this plaintiff was driving as aforesaid became frightened at the puffing and other noise made by said engine, became ungovernable, and ran away, overturning the said vehicle, throwing, with great violence, to the ground, this plaintiff and his said wife and children, causing great injury to the body and person of this plaintiff, and to the body and person of his said wife, and to the body and person of each of his said children, to the great damage of the plaintiff, as follows." The damages are set out in detail, and judgment demanded.

The cause was submitted for the appellant on the brief of *Winkler, Flanders, Smith, Bottum & Vilas*, and for the respondent on that of *W. J. Allen* and *E. H. Mosher.*

Counsel for the respondent cited *Evans v. L. S. & M. S. R. Co.* 88 Mich. 442; *Haywood v. N. Y. C. & H. R. R. Co.* 59 Hun, 617; *Pittsburgh, C. & St. L. R. Co. v. Yundt,* 78 Ind. 373, 3 Am. & Eng. R. Cas. 502; *French v. T. B. R. R.* 116 Mass. 537; *Bonnel v. D., L. & W. R. Co.* 39 N. J. Law, 189; *Ernst v. H. R. R. Co.* 39 N. Y. 61; *Sweeny v. O. C. & N. R. Co.* 10 Allen, 368; *Railway Co. v. Schneider,* 45 Ohio St. 678; *Central T. Co. v. W., St. L. & P. R. Co.*      Fed. Rep. 159; *State v. B. & M. R. Co.* 80 Me. 430; *Hooper v. B. & M. R. Co.* 81 id. 260.

Rohde vs. The Chicago & Northwestern R. Co.

WINSLOW, J.  In support of the demurrer, it is argued that the complaint does not show that the negligence mentioned, i. e. the failure to lower the gates, was the cause of the accident.  There is certainly much force in the argument.  The complaint is far from being a model.  It does not set forth that direct, logical sequence of events by which it would appear that the accident was the result of the negligence charged, as clearly as could be desired.  We think, however, that, by a fair construction of the complaint, its substance is as follows: That the crossing was a dangerous one; that the defendant had for some time, to the knowledge of plaintiff, maintained guard gates at the place; that, relying on the fact that there were such gates and that they were always lowered on the approach of trains, the plaintiff, because the gates were not lowered, approached the crossing, and was about to pass over it, when a train passed and caused his horse to run away and thus inflicting the injuries complained of.  If this is the proper construction of the somewhat disjointed allegations of the complaint, it certainly charges actionable negligence on the part of the defendant.  The open gate was an assurance to the public that there was no danger, and an invitation to cross in safety.  *Glushing v. Sharp*, 96 N. Y. 676; *Palmer v. N. Y. C. & H. R. R. Co.* 112 N. Y. 234; *Evans v. L. S. & M. S. R. Co.* 88 Mich. 442.  If plaintiff proves that he accepted the invitation, and thereby put himself in a position of imminent danger (where he would not have been had the gates been lowered), and was injured by defendant's negligent act, no contributory negligence appearing, he establishes a cause of action.  We think the complaint should be construed as alleging these facts in substance.

*By the Court.*— Order of the superior court affirmed.