ANTONIO SCIOLINA v. THE ERIE PRESERVING COMPANY.

JACOB E. STEVER v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

OTTO NIENDORFF v. THE MANHATTAN RAILWAY COMPANY.

1. APPEAL — ACTIONS FOR PERSONAL INJURIES — L. 1896, CH. 559; CODE CIV. PROC. § 191. The amendment to section 191 of the Code of Civil Procedure, by chapter 559, Laws of 1896, prohibiting appeals as of right to the Court of Appeals from judgments of affirmance in actions for a personal injury, when the decision of the Appellate Division of the Supreme Court is unanimous, was a competent exercise of the legislative power.

2. ALLOWANCE OF APPEAL TO COURT OF APPEALS. The authority reserved by the amendment of 1896 to section 191 of the Code, for the allowance of an appeal to the Court of Appeals by the Appellate Division, by certificate, or, on its refusal, by a judge of the Court of Appeals, was intended primarily to provide for exceptional cases where public interests or the interest of jurisprudence might be endangered by permitting a decision to go unchallenged; and the mere existence of errors prejudicial to the particular parties does not of itself warrant the allowance of an appeal.

Reported below, 7 App. Div. 417; 7 App. Div. 392; 4 App. Div. 46.

(Decided December 1, 1896.)

MOTIONS for leave to appeal to the Court of Appeals.

*Simon Fleischmann, Albert II. Harris* and *Davies, Short & Townsend* for motions.

*John C. Hubbell, Stephen K. Williams* and *Charles K. Lexow* opposed.

ANDREWS, Ch. J. The three cases above entitled are actions brought to recover damages for personal injury caused

by negligence, in each of which a verdict was recovered, and the several judgments entered thereon have been affirmed on appeal, by unanimous decision of the Appellate Division of the Supreme Court in the departments respectively in which the cases were pending. After such affirmance application was made, in behalf of the respective defendants, to the proper Appellate Division for a certificate certifying that in its opinion a question of law was involved, which ought to be reviewed by the Court of Appeals, and in each case the application was denied. The respective defendants have now applied to me, under sub. 2 of sec. 191 of the Code of Civil Procedure, as amended by chap. 559 of the Laws of 1896, for leave to appeal to the Court of Appeals. I am of opinion that these applications should be denied for reasons which I shall briefly state.

The amended section of the Code, under which the application is made, declares that no appeal shall be taken to the Court of Appeals in certain specified cases, and among others from a judgment of affirmance in an action to recover damages for a personal injury, "when the decision of the appellate division of the Supreme Court is unanimous, unless such appellate division shall certify that in its opinion a question of law is involved, which ought to be reviewed by the Court of Appeals, or unless in case of refusal to so certify, an appeal is allowed by a judge of the Court of Appeals."

The public history which preceded the enactment of this amendment of section 191 of the Code, reflects light upon its interpretation. The new Constitution had recently come into force. One of the serious problems which confronted its framers was how to arrange the judicial establishment of the state so as to secure the greatest efficiency and the highest usefulness of the courts, and at the same time bring the appellate business within the ability of the judiciary to dispose of it with reasonable promptness. The scheme finally adopted was to establish, in each of four departments, into which the state was to be divided for judicial purposes, an appellate court consisting of judges

selected from the judges of the Supreme Court for the
hearing of appeals in the first instance, and to make the
decision of the Appellate Division final in certain cases.
The scheme embodied in the Constitution for the organiza-
tion of the Appellate Divisions constitutes them courts of
great dignity and authority, and it was the expectation that
their decisions would in many cases be accepted and acquiesced
in by litigants, even when further appeal might be taken.
Having constituted these courts of appeal, the convention con-
tinued the existing Court of Appeals, but limited its jurisdic-
tion.   The judiciary article expressly confines its general juris-
diction to the review of questions of law.   It prohibited the
court from reviewing a unanimous decision of an Appellate
Division, that there is evidence supporting or tending to sus-
tain a finding of fact or a verdict not directed by the court.
This provision deprived the court of jurisdiction in a large
number of cases theretofore appealable, in which it had been
held that a finding of a material fact without evidence pre-
sented a question of law reviewable by the court.   The article
does not affirmatively define the jurisdiction of the Court of
Appeals, beyond confining it to a review of questions of law,
except that it prescribes that appeals as of right (save where
the judgment is of death or where the appeal is from an-order
granting a new trial) can only be taken to the court from
judgments or orders entered upon decisions of an Appellate
Division " finally determining actions or special proceedings."
(Const. art. 6, § 9.)   It was not the intent of the clause last
referred to to establish a constitutional right of appeal to the
Court of Appeals from every final judgment or order made
by an Appellate Division, and place it beyond the power of
the legislature to abridge it or take it away.   This is rendered
clear by the subsequent clause : " The legislature may further
restrict the jurisdiction of the Court of Appeals, and the right
of appeal thereto, but the right to appeal shall not depend
upon the amount involved."   I am of the opinion that under
the general grant of legislative power, it is competent for
the legislature to deny the right of appeal to the Court of

Appeals in any class, or classes of actions in its discretion, the only restriction upon the legislative power being, that the right shall not be made to depend upon the amount involved. The amendment to section 191 of the Code, passed in 1896, was, therefore, in my judgment a competent exercise of legislative power. It is plain, I think, that the purpose of the amendment was, in general, to make the Appellate Division the court of final resort in the classes of cases specified, where its decision affirming a judgment was the unanimous act of the court. The operation of the amendment is to relieve the Court of Appeals by imposing upon the Appellate Division the labor and the responsibility of the final decision in many cases. The only question of any difficulty arises upon the construction of the clause authorizing the allowance of an appeal by the Appellate Division or on its refusal by a judge of this court. Having in view the purpose of the amendment and the policy which may be presumed to have dictated it, I am of opinion that the right reserved to apply to the court or a judge to allow an appeal, was intended primarily to provide for exceptional cases where public interests or the interest of jurisprudence might be endangered by permitting a decision to go unchallenged, and that the questions to be considered by the court or judge to whom the application is made, are, *first*, whether, in his or its judgment, there is reason to believe that some material error is disclosed by the record ; and, *second*, if so, whether it is of sufficient importance to require the general principle of finality appertaining to the decisions of the Appellate Division to be disregarded in the particular case by the allowance of another appeal. In my judgment the mere existence of errors in rulings on the trial, to the prejudice of the appellant, does not alone warrant the granting of a certificate. Where the questions have a public aspect, then different considerations apply. I can very well understand that where the supposed error relates to a question of constitutional law, or the construction of a statute, or where the point is one upon which there is a conflict of decisions between different Appellate Divisions, or

where it relates to a principle of law or a question of evidence, which, if permitted to pass uncorrected, will be likely to introduce confusion into the body of the law from the frequent recurrence of occasions where the same questions will come up, that in these and, perhaps, similar cases, the public interests and the interests of jurisprudence would justify, and, perhaps, require the granting of a certificate. But without undertaking to anticipate all the cases where this power should be exercised, I deny the present applications, on the ground that, assuming that errors may have been committed in the respects pointed out on the briefs, they are not such as, in my opinion, " ought to be reviewed " by the Court of Appeals, because they affect at most only the parties to the respective litigations, and do not fall within the general classes above stated, and that the mere fact that the Appellate Division may have erred (which I do not decide) is not alone a sufficient reason for taking from these courts their general character as final appellate jurisdictions in the cases specified in the amendment in question.

I am authorized to say that my associates, on consultation, concur in this opinion.

All concur.

Motions denied. ────────────