### EDGERLEY v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. December 19, 1899.)

1. APPEAL AND ERROR—REARGUMENT—NOT NECESSARY TO SHOW PROCESS BY WHICH CONCLUSION IS REACHED.

The fact that the appellate court did not, in its opinion, detail the evidence and circumstances showing the process by which it reached its conclusion, is not ground for reargument.

2. RAILROADS — GATES AND FLAGMAN AT CROSSING — SOUNDING WHISTLE AND RINGING BELL.

Defendant having maintained a gate and flagman at the crossing at which plaintiff was injured, it is not error to instruct that there was no obligation resting upon the defendant to ring a bell or sound a whistle if the gates were up, and the engineer did not know it, but if he did know the fact, or if from his position he ought to have known it, the jury were to determine whether his failure to ring a bell or sound a whistle was negligence.

3. SAME—FAILURE TO OPERATE GATES.

Defendant, having erected gates and stationed a flagman at a certain crossing, became bound to properly operate same, and failure to properly perform the duty would constitute an act of negligence; hence it is not

error to instruct the jury that defendant had the right to operate its trains over the crossing at any rate of speed, provided it used care in operating the appliances intended to shut off the public from contact with their engines at such crossing.

Motion for reargument, and for leave to appeal to the court of appeals. Denied.

For former opinion, see 60 N. Y. Supp. 1062.

Reargued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

HATCH, J. The motion for a reargument in this case raises no new question not considered by this court when it decided the case. We did not then think that any good end would be subserved by putting down in detail each bit of evidence and circumstance showing the process by which we reached the conclusion that the jury were authorized to find that the plaintiff was not guilty of contributory negligence. We so said in our former opinion. Authority is conclusive that such fact furnishes no ground of right to ask for a reargument. Fosdick v. Town of Hempstead, 126 N. Y. 651, 27 N. E. 382. It is also insisted that we erred in sustaining the charge of the trial court. While this question was disposed of by us in our decision, and the motion might be denied for reasons already stated, yet we conclude to state the results of our prior and present examination of those questions. Exception is taken to the following portion of the charge:

"If the gates were up, it is for the jury to say whether or not it was negligence on the part of the company not to ring a bell or sound a whistle. Then, if no bell was rung, and no whistle sounded, the jury are entitled to take that into consideration in determining whether or not the plaintiff was guilty of any negligence in going on the track.

"Mr. Kelly: The defendant excepts to your honor's charge that there was any obligation on them to ring a bell or sound a whistle.

"The Court: There is no obligation on the part of the company to ring a bell or sound a whistle if the gates were up and the engineer didn't know it. But, if they were up, it is for the jury to say whether the engineer ought not to have known it, or whether he would not have known it if he had exercised care. If the gates were up, and if the engineer did know or should have known it, they may say whether it was negligence on the part of the company to not either ring a bell or sound a whistle. I do not charge it as a matter of law.

"Mr. Kelly: I except to the proposition that there was any obligation under any circumstances to ring—

"The Court: I do not say that there was. You except to me leaving it to the jury to say."

The ground upon which error is claimed in this charge is that it is in conflict with the rule laid down in Heaney v. Railroad Co., 112 N. Y. 122, 19 N. E. 422. In that case the court held that, where the city had authorized the railroad to operate its trains upon compliance with certain conditions, and compliance was made by the railroad company with those conditions, it acquired the right to operate at any rate of speed, and without sounding either bell or whistle, when approaching the crossings where it was not required to maintain gates or keep a flagman. This ruling proceeded upon the ground that the defendant was shown to have discharged every

legal obligation resting upon it, in consequence of which there was
no basis upon which to predicate negligence.   There would seem
to be no answer to this position.   The court, however, recognized
the well-settled rule that negligence may be established by cir-
cumstances tending to show failure to perform a legal duty or to
use reasonable care and prudence in what it did.   In the Heaney
Case the defendant was not required to maintain gates or a flag-
man at the crossing where the accident occurred, and did not
do so.   In the present case the defendant was not required to main-
tain either gates or flagman, but it assumed to do both, and had
maintained them for a considerable time prior to the injury.   As
the defendant had assumed this duty, and the public had acquired
knowledge of such fact, and acted thereon, it became as much
bound to a proper discharge of its duty in this respect as it would
had the municipal conditions commanded it so to do, and failure to
perform the duty properly would constitute an act of negligence.
Dolan v. Canal Co., 71 N. Y. 285; House v. Railroad Co., 26 App.
Div. 559, 50 N. Y. Supp. 434.   Applying this rule of law to the facts
of this case and the facts to the charge, we find that the jury were
authorized to conclude that the gates were up when the plaintiff
reached the position they would have occupied if down.   In view
of this condition the court charged that there was no obligation
resting upon the defendant to ring a bell or sound a whistle if the
gates were up, and the engineer did not know it; but if he did know
such fact, or if from his position he ought to have known it, then
the court submitted to the jury the question whether the exercise
of due care in operation required the sounding of a whistle, or the
ringing of a bell, or both.   The charge in this respect, upon the
facts, we think is amply sustained by authority.   Glushing v. Sharp,
96 N. Y. 676; Palmer v. Railroad Co., 112 N. Y. 234, 19 N. E. 678;
Wilber v. Railroad Co., 8 App. Div. 138, 40 N. Y. Supp. 471.   The
rule of the defendant required the gates to be set whenever trains
were about to go over the crossing.   Of the existence of this rule it
must be assumed that the engineer knew, as well as of the existence
of the crossing; and, if he saw that the gates were up, or might
have so seen them by the exercise of care, the jury could well
have concluded that a proper discharge of his duty required him
to give notice that the engine was approaching the crossing in
the absence of the lowered gate.   It could have been assumed that
proper care would have notified him that no warning was being
given, certainly not the usual one of the closed gates, and that the
crossing was about to be occupied by his engine.   The public and
the plaintiff were entitled to notice, and the jury would have been
authorized to say, under such circumstances, that the engineer
should have sounded a whistle, or rung the bell, or both, in order
that persons about to use the crossing might be warned.   The charge
covered this view of the case, and we think it was authorized by the
facts.

   The further charge to which exception is taken relates to the
qualification of the right to operate trains at any rate of speed.   It
reads: "Provided, they used care in operating the appliances in-

tended to shut off pedestrians or vehicles from contact with their engines at these dangerous grade crossings." It is claimed that this was error, and in direct violation of the law as laid down in Grippen v. Railroad Co., 40 N. Y. 34, 46. We do not so construe the doctrine of this case. We have already seen that the Heaney Case protected the defendant in the operation of its trains when it complied with the conditions which the municipality imposed. The Grippen Case lays down no higher rule of exemption, nor does it extend it. When the condition requires the maintenance of gates and a flagman, it imposes the condition that they shall be properly operated as they are intended to operate, and, if the defendant fails in this respect, then whether it operates with care becomes a question of fact to be gathered from all the circumstances of the case. We conclude, therefore, that nothing is made to appear which authorizes this court to grant a reargument, or to allow an appeal to the court of appeals. Sciolina v. Preserving Co., 151 N. Y. 50, 45 N. E. 371.

The motions for a reargument and leave to appeal to the court of appeals should be denied. All concur.