## SCANLON v. VILLAGE OF WEEDSPORT.

(Supreme Court, Appellate Division, Fourth Department. June 2, 1903.)

Motion for reargument and for leave to appeal to the Court of Appeals on questions to be certified to that court after a unanimous affirmance of a final judgment and order. Motion for reargument denied, and for leave to appeal to the court of appeals granted. For former opinion, see 81 N. Y. Supp. 1143.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Frederic E. Storke, for appellant.
F. D. Wright, for respondent.

ADAMS, P. J. In determining the appeal from the judgment and order we were of the opinion that this case presented simply a question of fact, and that within well-settled principles of law we ought not to interfere with the verdict rendered by the jury, inasmuch as the evidence was quite sufficient to uphold that verdict. It is true that the snow upon the sidewalk in question was the result of an unusually severe and prolonged storm, but it nevertheless appeared that many other walks in that immediate locality were entirely cleared of the snow which had fallen, within a reasonable time after the storm had subsided; and that, while some effort was made to remove it from the walk upon which the plaintiff fell, a ridge some eight or ten inches in height, and six to eight inches in width, running through the center of the walk for its entire length, had been permitted to remain, although it might have been removed with the exercise of a fair degree of care and diligence, and that it was by reason of this lack of diligence and effort that the plaintiff received the injury complained of.

It was insisted upon the argument, however, that notwithstanding this fact the case in its main features was essentially the same as that of Taylor v. City of Yonkers, 105 N. Y. 202, 11 N. E. 642, 59 Am. Rep. 492, Kaveny v. City of Troy, 108 N. Y. 271, 15 N. E. 726, and Harrington v. City of Buffalo, 121 N. Y. 147, 24 N. E. 186, and consequently that the plaintiff ought not to have recovered. In this contention we were unable to agree with the learned counsel for the

appellant, and we are still of the opinion that there is a very marked distinction between the facts of the cases just cited and those of the one at bar. For that reason it would be impracticable to grant the motion in so far as it asks for a reargument of the appeal in this court, and in view of the rule laid down by the Court of Appeals in Sciolina v. Erie Preserving Co., 151 N. Y. 50, 45 N. E. 371, and in Meeker v. C. R. Remington & Sons Co. (Mem. of O'Brien, J., not officially reported) 72 N. Y. Supp. 1119, it is exceedingly doubtful whether we are justified in granting the other branch of the motion; but inasmuch as cases are constantly coming before this court the facts of which are quite similar to those of the one under consideration, in which the doctrine of the Harrington Case, supra, and other cognate cases, is invoked, we have concluded that in order to test the correctness of our interpretation and application of the principle thus invoked, as well as to serve as a guide for our action hereafter, it is desirable to have the further opinion of the Court of Appeals, and therefore the certificate asked for is allowed.

Motion for reargument denied, and motion for leave to appeal to the Court of Appeals granted. All concur.