(86 App. Div. 221.)

### KLAUS v. CITY OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1903.)

1. SIDEWALKS—SLIPPING ON ICE—NEGLIGENCE—EVIDENCE.
    Evidence, in an action for injury from slipping on a ridge of ice on a, sidewalk, *held* sufficient to go to the jury on the question of the city's negligence.

Appeal from Trial Term, Erie County.

Action by Katherine Klaus against the city of Buffalo. From a judgment on a verdict directed for defendant, and from an order denying a motion for a new trial on the minutes, plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

L. P. Hancock, for appellant.
Chas. L. Feldman and Edward L. Jung, for respondent.

WILLIAMS, J. The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide event.

The action was brought to recover damages for injuries to plaintiff, alleged to have been caused by the negligence of the defendant. The injuries were received by falling upon a sidewalk on one of the defendant's streets. The walk was in a dangerous condition by reason of the accumulation of snow and ice thereon, which it was claimed the city, defendant, was negligent in permitting to remain.

The verdict was evidently directed upon the ground that there was no proof of defendant's negligence. The absence of contributory negligence on plaintiff's part was clearly a question for the jury. Upon the evidence most favorable to the plaintiff, the condition of the walk, March 22, 1901, 9-10 o'clock a. m., when the accident happened, was as follows: The walk was 10½ feet wide, and 26 feet long. It was laid on a grade from the street line to the curb line of one inch to the foot. It was constructed of planks running from the street line to the curb line. The walk was icy, slanting, uneven, with hills or hummocks of ice two or more inches high, and it was upon one of these hills or hummocks that the plaintiff slipped when she fell and received her injuries. The ice on the walk was three or four inches thick, excepting that part lying towards the street line, where, near the building, it had melted so it was not so thick. This condition of ice upon the walk had existed for a long time, practically all winter. Most of the ice had accumulated prior to March 12, 1901, 10 days be—

fore the accident.   There was evidence that some snow fell upon the
ice on the walk the night before the accident, but the plaintiff's evi-
dence was that the amount of snow was slight.

It seems to us that there can be no doubt but the city was guilty of
negligence in permitting the walk in question to remain in the danger-
ous condition shown.    There seems to have been no effort to keep the
walk free from ice forming from snow allowed to accumulate upon
the walk.    There was a gross neglect as to the condition of the walk,
and the condition had existed for a long time.   We apprehend no au-
thority can be found for the proposition that a city may be guilty of
such negligence and yet be free from liability resulting therefrom.    In
a recent case decided by this court, and now on appeal to the Court of
Appeals (Scanlon v. The Village of Weedsport [Sup.] 82 N. Y. Supp.
577), we permitted a recovery to stand upon facts very similar to these
in this case.   The plaintiff slipped upon a ridge of ice, which had re-
sulted from the accumulation of snow upon the walk, and which had
existed for some time.   We have examined the cases cited by re-
spondent's counsel, and do not find any in conflict with the doctrine,
above stated, as applied in Scanlon v. Weedsport.   In the case of
Harrington v. The City of Buffalo, 121 N. Y. 147, 24 N. E. 186, it was
held that the duty to remove accumulations of ice and snow becomes
imperative only when dangerous formations and obstacles have been
created and notice of their existence has been received, or sufficient
time has elapsed to constitute constructive notice.   The court sug-
gested there just the rule we have here involved.   It was further held
that the obstruction in that case upon which the plaintiff fell resulted
from a condition which arose the night before the accident, and as to
which the city had neither actual nor constructive notice.   It can
hardly be claimed here, as matter of law, that the plaintiff's fall was
caused in whole, or even in part, by any conditions arising the night
before the accident.   There was conflicting evidence as to the amount
of snow which fell, and evidence was given in behalf of plaintiff which
made it a question of fact for the jury whether any conditions arising
during the night before the accident were even a contributing cause
of the fall and consequent injuries.

The judgment and order should be reversed, and a new trial granted,
with costs to the appellant to abide event.   All concur.