### MARTIN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. February 15, 1915.)

1. TRIAL ⬳159—DISMISSAL—NATURE AND GROUNDS.

In plaintiff's suit against a city for salary, where he consented that the trial judge should determine matters of fact involved in the question of his abandonment of his position and waived its submission to the jury, and the trial judge dismissed the complaint, though he should have directed a verdict, plaintiff was not entitled to a reversal by showing a question of fact which, but for his waiver, should have been submitted to the jury, unless, as a matter of law, there should have been a verdict in his favor.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 341, 359–367; Dec. Dig. ⬳159.]

2. MUNICIPAL CORPORATIONS ⬳165—OFFICER'S ACTION FOR SALARY—SUFFICIENCY OF EVIDENCE—ABANDONMENT OF OFFICE.

In an action against a city for salary after discharge, evidence *held* to raise a question of fact whether plaintiff had not abandoned his position and acquiesced in his discharge, so that any right thereafter was not a right to salary.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 373, 374; Dec. Dig. ⬳165.]

3. APPEAL AND ERROR ⬳120—ALLOWANCE OF APPEAL TO COURT OF APPEALS —QUESTION OF FACT.

In such action, plaintiff's right to salary to the date when he learned that no change would be made in the order abolishing his office, in view of evidence presenting a question of fact as to whether he did not understand before that date that his position was abolished, and where his salary for such time was an insignificant part of his entire claim, involving not so much the consideration of general principles of law as of the rights of the parties under a peculiar state of facts, not likely to be repeated, was not such as to justify the allowance of an appeal to the Court of Appeals after unanimous affirmance by the Appellate Division of a dismissal of the complaint.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 840–862, 864, 865; Dec. Dig. ⬳120.]

Action by Wisner B. Martin against the City of New York. A judgment dismissing the complaint was unanimously affirmed by the Appellate Division (150 N. Y. Supp. 1096), and plaintiff applies to a judge of the Court of Appeals for leave to appeal to such court. Application denied.

See, also, 151 N. Y. Supp. 1129.

The plaintiff for several years prior to April 19, 1906, was employed as a principal assistant engineer in the bureau of highways, borough of Manhattan, city of New York, at a salary of $3,500 per annum. On that date the president of the borough of Manhattan issued an order for the reorganization of the working force of the bureau of highways, in respect to the subdivision thereof of which the plaintiff was in charge, directing that such subdivision be abolished, that the plaintiff's subordinates be transferred to other subdivisions

---

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the bureau, and the work formerly performed by the plaintiff be distributed among other persons then employed. After receiving such notice of reorganization, the plaintiff sought the borough president's consent to be transferred to the jurisdiction of the board of water supply of the city of New York, which the borough president refused to give.

On August 3, 1906, the plaintiff made a written demand upon the borough president that his (plaintiff's) name be certified to the municipal civil service commission, of the city of New York, in order that it might be placed upon a list of those employés laid off from any department for lack of work or appropriation 'and entitled to preferment in reinstatement within a year in similar positions whenever vacancies existed in the city's service. The borough president also refused to accede to this demand, and shortly thereafter, at the end of September, 1906, the plaintiff obtained employment outside of the city's service, subsequently leaving the city of New York, and finally establishing himself in the practice of his profession in the city of Boston, Mass.

On June 13, 1912, he filed a notice of claim with the comptroller of the city of New York, demanding payment of salary from July 1, 1906, to September 24, 1906, the latter being the date upon which he learned that the borough president would not consent to do anything for him, and shortly thereafter brought an action in the City Court of the City of New York upon this claim. A demurrer thereto was interposed, whereupon the court consented to a discontinuance of the action.

On November 14, 1912, plaintiff filed a second notice of claim with the comptroller, demanding payment of salary from June 18, 1906, to November 14, 1912, on the theory that he had never been removed from the service of the city of New York. Further facts appear in the opinion.

On the trial of the action in the Supreme Court the complaint was dismissed, and the order dismissing the complaint was unanimously affirmed by the Appellate Division of the Supreme Court.

George W. Elkins, of New York City, for plaintiff.

Terence Farley, Asst. Corp. Counsel, of New York City, for defendant.

CARDOZO, J. [1] The plaintiff sued for $22,166.64, with interest. The claim is for salary. It is not for damages for breach of the contract of employment. One of the questions in the case is whether the plaintiff abandoned his position. The plaintiff consented that the trial judge should determine any matter of fact involved in the decision of that question, and waived its submission to the jury. The trial judge thereupon dismissed the complaint. It would have been more logical to have directed a verdict; but the error of form is helpful rather than hurtful to the plaintiff. I do not think the plaintiff is entitled to prevail now by showing that there was a question of fact which, if it had not been for his waiver, should have been submitted to the jury. He cannot prevail unless, as a matter of law, there should have been a verdict in his favor.

[2] Whatever the effect of the order of April 19, 1906, may have been in its inception, I am entirely clear in the conviction that at least after September 24, 1906, the plaintiff could properly be found as a matter of fact, if not as a matter of law, to have abandoned his position, and to have acquiesced in his discharge. Whatever right he had from that time on was not a right to salary. His employment at the McGraw Building from October, 1906, to January, 1907; his change of residence to Boston; his employment by the Stone & Webster Corporation as superintendent of the Harvard power station from April, 1907, to January 22, 1908; his change of residence then to

West Norfolk, Va.; his employment by the Eustis Smelting Works at that place until May 22, 1908; his return then to Boston; his employment by J. B. Schaeffer & Co. till February 14, 1911; his resignation from that service to enter private practice; his failure to make any claim for reinstatement during all those years; his testimony that his failure was due to the fact that he had obtained outside employment on private work, and found it more congenial; and, finally, the fact that when in November, 1912, he made for the first time a claim for compensation, he limited it to the period beginning July 1, 1906, and ending September 24, 1906—all these circumstances demonstrate, it seems to me, that there was at the very least a question of fact whether he understood that his employment was at an end. So far as the determination of that question involved any element of fact, it was disposed of by the trial judge with the plaintiff's consent, and submission of the question to the jury was waived. I am disposed to think that, even without the waiver, it could properly have been disposed of as a question of law.

[3] The plaintiff's right to salary during the brief period from July 1, 1906, to September 24, 1906, is more doubtful. If, however, the plaintiff's claim is limited to that period, it is barred, I think, by the statute of limitations. If that is not so, however, it would not alter my conclusion. I incline to the view that there was enough evidence to present a question of fact as to whether the plaintiff did not understand, even before the end of September, that his position was abolished, and that he had been ousted from the service. The letter of August 3, 1906, has some significance upon that issue. The later acts which I have already mentioned reflect a certain light upon the plaintiff's purpose and understanding in the earlier stages of the controversy. Indeed, his anxiety to be transferred to the water supply department is hardly explicable upon any theory except his recognition of the fact that his old position had been abolished. The fact that the president of the borough wrongfully refused to make the transfer did not, as a matter of law, keep the old position alive. The claim for salary during the brief period from July 1st to September 24th is, however, a comparatively insignificant part of the entire claim. It involves the consideration, not so much of general principles of law, as of the rights of the parties under a very peculiar state of facts—a state of facts not likely to be repeated. It is not of such a nature as to justify the allowance of an appeal. Sciolina v. Erie Preserving Co., 151 N. Y. 50, 45 N. E. 371.

I do not now determine whether the plaintiff's action is one for services within the meaning of subdivision 2 of section 191 of the Code of Civil Procedure.

The application for leave to appeal to the Court of Appeals is therefore denied.